FERGUSON, Justice,
concurring in part and dissenting in part.
While I agree with the conclusion that Descheene cannot now seek a remand to have the Shiprock Family Court consider the alleged oral will, I write separately for several reasons. First, I cannot agree that the conclusion that the surviving son is the heir is clearly the “custom” to be applied in this case. The Family Court nowhere in its judgment explains how it came to the conclusion that only the surviving children are heirs. The Family Court also does not explain why, despite Descheene’s reliance on New Mexico state law, the Büagáana concept of. “per stirpes”[6] is not consistent with Dine bi beenahaz’áanii The Family Court, appears to have rejected the per stirpes theory outright merely because the concept is from state law, and accepted the surviving child theory merely because it is consistent with the peacemaking agreement entered by a select group of family members. The Family Court should have considered, despite the state law language used, whether the concept that grandchildren can inherit in place of their deceased parents is consistent with Dine concepts of fairness and. K’é. A decision in a peacemaking forum is not automatically Navajo law.
When this Court remanded this case back to the Family Court, the Court stated that peacemaking was an excellent alternative to adversaria] litigation so long as all necessary parties receive notice. No. SC-CV-38-99 slip op. at 5. This Court specifically stated that peacemaking allows settlements and compromises among heirs, so long as all the potential heirs were involved. Id. The Court specifically stated that peacemaking should comply with fundamental principles of civil due process of law. Id. Yet, in the peacemaking in this case, not all family members were provided with notice and the opportunity to be heard. Although the Family Court determined that participants in the peacemaking session agreed that the surviving son. to Amy Kindle was the only heir, this Court found that when a peacemaking was initially requested, Kayah David, the surviving son stated, “I would like to distribute the grazing permit (which I receive) among (3) people, myself, my son and Mae *757 Denetclaw.” Id. at 2. At the peacemaking, Kayah stated that “I will leave it up to my son, Curtis David and Mae Denetclaw to divide however they want ... I relinquished my share.” Id. The permit was then divided among the peacemaking participants. It is not clear whether Kayah was asked at the peacemaking how he received the permit or how the participants of the peacemaking decided that Ka-yah David was the heir. It appears that Kayah had already decided the grazing permit was his and that the purpose of the peacemaking was to distribute it. His assertion apparently was enough for the Family Court to determine that he was the sole heir under the “family custom.”
This case raises a question regarding the relationship between peacemaking and the courts. The peacemaking process clearly is separate from the courts. The decision that comes out of a peacemaking session is an agreement, not a judgment. It is not necessary that a peacemaking agreement be made into a court order. However, a court order is sometimes required by Navajo or outside agencies to distribute property or to recognize other actions taken in peacemaking. In such a case, the judge is the gatekeeper whose role is to make certain that the law is followed. If a law requires that certain criteria be fulfilled, in order for a judge to issue an order, the judge must make certain that the peacemaking session indeed fulfilled those criteria. In its previous decision, this Court set out certain conditions the courts have to meet in order to recognize and use a peacemaking agreement as basis for a decision, including that the due process rights of all potential heirs were protected. Id. at 5. In choosing to adopt the peacemaking agreement as the basis for his decision, the judge did not apply those conditions, and instead appears to have followed an agreement by several family members entered into without notice and opportunity for Mr. Descheene to participate.
Based on the above, I would remand the case back to the Family Court to further explore the customary law applicable to this case, and, after consultation with those familiar with such custom, outside the parties to the peacemaking, to decide what family members are the rightful heirs to Amy Kindle’s estate. As the majority opinion affirms the previous conclusion of the Family Court, I cannot join that part of the opinion. I have no problem in applying fundamental laws of the Dine in a probate case. However, it should be more than just deferring to a peacemaking session and calling it fundamental law.
Dated this 18th day of May 2006.

. Per stirpes is a form of distribution which' allows children of deceased children of the decedent to receive the shares their parent would have taken if the parent were alive.